### ROBERT HAZELWOOD v. THE STATE.

#### No. 4960. Decided May 10, 1916.

**1.—Assault to Murder — Aggravated Assault — Insanity — Intoxicating Liquors.**

Where, upon trial of assault to murder and a conviction for aggravated assault, the record showed on appeal that defendant was addicted not only to drinking intoxicants heavily, but that he used morphine, cocaine and other narcotics, and when under the influence of same was not responsible; that he

had been found insane in the County Court at different times and was confined in the lunatic asylum from where he was taken and tried, and was in fact insane at the time of the trial, the conviction must be set aside. Prendergast, Presiding Judge, dissenting.

### 2.—Same—Insanity—Temporary and Permanent Insanity.

Insanity caused from the excessive use of intoxicants, cocaine, morphine, and other narcotic drugs, does not come within the statute of temporary insanity produced by the recent use of intoxicating liquors, and where the accused is insane from such cause, and has been declared a lunatic in the County Court, and was in fact insane when tried, he can not be punished for any offense while in such condition; the judgment finding him insane being still in existence, and no attempt being made to set the same aside, and the defendant being confined in the insane asylum by virtue thereof, from which institution he was brought and tried upon a charge of an assault to murder; and this although defendant had been discharged as sane some time before he committed the alleged offense, but was then again convicted of insanity. Prendergast, Presiding Judge, dissenting.

### 3.—Same—Evidence—Insanity—Opinion of Non-expert Witnesses.

Testimony of non-experts as to insanity of an accused may be given where a proper predicate has been laid, but sufficient facts and circumstances must be drawn from the witnesses as a basis for their opinion, and where this is not done, the conclusions of such non-expert witnesses is not admissible in evidence. Prendergast, Presiding Judge, dissenting.

Appeal from the District Court of Donley. Tried below before the Hon. Hugh L. Humphres.

Appeal from a conviction of aggravated assault; penalty, twenty-two months confinement in the county jail.

The opinion states the case.

*J. W. Crudgington, E. A. Simpson, Veale & Lumpkin,* and *A. M. Mood,* for appellant.—On question that judgment for insanity remains in force until set aside: March v. Huyter, 50 Texas, 243; Whitman v. Haywood, 77 id., 557; Witty v. State, 171 S. W. Rep., 229; Wooten v. State, 102 S. W. Rep., 416.

On question of opinion of non-expert witnesses on question of insanity: Pettigrew v. State, 12 Texas Crim. App., 225; McLeod v. State, 31 Texas Crim. Rep., 331; Newberry v. State, 32 id., 145; Burton v. State, 101 S. W. Rep., 226.

*C. C. McDonald,* Assistant Attorney General, for the State.—Cited Myers v. State, recently decided.

DAVIDSON, Judge.—Appellant was convicted of aggravated assault and given twenty-two months in the county jail.

Long prior to the alleged assault appellant had been tried for insanity and found insane in the County Court of Potter County, where this case arose. He was sent to the lunatic asylum in San Antonio, where he remained for some months, until the superintendent discharged him. This judgment was never set aside by any legal authority. Dr. White, superintendent of the insane asylum of San Antonio, testified that while

he believed at the time of the discharge of appellant that if certain circumstances arose appellant would be insane, and in fact was not perhaps sane within the contemplation of the law at the time of his discharge. The evidence shows that appellant was addicted not only to drinking intoxicants heavily, but used morphine, cocaine and "dope" of such character, and when under the influence of it was not responsible, and this had continued so long that his mind was deranged from the use of these narcotics and drugs. Insanity for these causes does not come within the statute with reference to temporary insanity produced by the recent use of intoxicating liquors. This has been the subject of a number of decisions. After returning from the San Antonio asylum to his home in Amarillo, he was again tried for insanity and again found insane. There seems to have been no room for him in the asylum at the time of the second judgment, and he was taken out for a while under bond, as authorized by the statute, and was placed in charge of his bondsmen. Later, however, he was surrendered by his bondsmen and placed in jail. A few days before the alleged assault he was taken out of jail again under bond, and while out he was charged with having committed the assault. He was then arrested and conveyed to the insane asylum at Austin. After being so placed in the asylum the grand jury of Potter County returned this bill of indictment charging him with assault with intent to murder. This action of the grand jury occurred while he was in the insane asylum in Austin. The trial judge, at the instance of the prosecution, issued a bench warrant authorizing the bringing of appellant from the lunatic asylum to be tried under the indictment. This was executed, and appellant carried to Amarillo. Change of venue then occurred to Donley County, where the trial subsequently occurred under the indictment. These matters all appear of record and are clearly manifest and undisputed. Under our statute insane people can not be tried while in a state of insanity. Branch's late Annotated Penal Code, article 39, provides: "No act done in a state of insanity can be punished as an offense. No person who becomes insane after he committed an offense shall be tried for the same while in such condition. No person who becomes insane after he is found guilty shall be punished for the offense while in such condition."

The facts as stated are uncontroverted. It is undisputed further that he was in the asylum while this judgment finding him insane was in existence, and it is still in existence. No attempt was made to set aside the conviction for insanity. If the testimony even on the trial of this case is to be credited defendant was insane, but whether that be the correct position or not, aside from the County Court judgment, yet that judgment remained intact, was in full force and effect, and appellant confined in the insane asylum under and by virtue of it. In the face of all this this defendant was brought out of the asylum and tried for a criminal offense. No man in Texas can be tried while he is insane. This precluded the trial of appellant under the circumstances of this record. For this reason this judgment must be reversed.

There are some bills of exception reserved to the testimony of non-expert witnesses, which we think well taken. These witnesses do not state sufficient facts on which to base their conclusion. That testimony of non-experts may be given where a proper predicate has been laid has been announced as the correct rule, but sufficient facts and circumstances· must be drawn from the witness as a basis for his opinion. Even the experts must know the facts in order to base an expert opinion, either by his observation or under the rule of hypothetical questions and statements. If the testimony on another trial of non-experts is sought, a proper predicate should be laid as a prerequisite for their opinion.

The judgment is reversed and the cause remanded.

*Reversed and remanded*

PRENDERGAST, Presiding Judge (dissenting).—The well considered case of Chase v. State, 41 Texas Crim. Rep., 560, written by Judge Henderson, holds the reverse of the decision in this case, and is exactly in point. Judge Davidson, in Wilson v. State, 59 Texas Crim. Rep., 596, expressly approved the Chase case. Mr. Branch cites other cases to the same effect in section 27, page 15, of his new Annotated P. C. I believe these decisions correctly decide the law in this case.

The testimony of the non-expert witnesses comes within the law as laid down in Jordan v. State, 64 Texas Crim. Rep., 187; Key v. State, 72 Texas Crim. Rep., 129; Rogers v. State, 71 Texas Crim. Rep., 149, and other cases, and was admissible. This case should be affirmed, not reversed.