## JNO. E. BARTON V. THE STATE.

### No. 6004.   Decided May 25, 1921.

**1.—Robbery—Preliminary Statement—Affidavit—Statutes Construed—Insanity.**

While, under Subdivision 5 of Article 717, C. C. P., the defendant had the right to make a preliminary statement before introducing his evidence. there was no error in not permitting him to read to the jury an affidavit made by his mother stating that defendant was insane and had been twice adjudged a lunatic and placed in the asylum.

**2.—Same—Insanity—Void Judgment—Judgment of Lunacy—Evidence.**

Where the lunacy judgment in evidence relied upon by defendant bore upon its face evidence that the decision that he was a lunatic was not made by a jury but by a commission which purported to act under Chapter 163, Acts of the Thirty-Third Legislature, which has since been declared void, the same was without force and effect; besides, the evidence showed, in the instant case, that the defendant had been released by the officers of the asylum upon parole, and that the offense took place nearly two years and a half after his release, and that he had been without restraint and had gone at large, and there was nothing upon which the inference could be based that his liberty was not with the full sanction of the asylum authorities, said judgment was not a bar to this prosecution. Distinguishing Hazelwood v. State, 79 Texas Crim. Rep., 483, and other cases.

**3.—Same—Argument of Counsel—Lunacy Judgment.**

Where, upon trial of robbery, the defendant introduced a certain lunacy judgment, there was no error in the State's counsel's argument that said judgment was void and had been so declared by the Supreme Court; besides, no request was made to withdraw same. and there was no reversible error. Following Cockrel v. State, 85 Texas Crim. Rep., 326.

**4.—Same—Evidence—Insanity—Opinion Testimony—Rehearing.**

Where, the State's witness did not undertake to express his opinion as to the sanity or insanity of the defendant, but simply reported to the jury, in effect, that what opportunity he had to observe and talk to him disclosed nothing of an abnormal character in his mental condition, there was no reversible error. Following Turner v. State, 61 Texas Crim. App., 97.

Appeal from the Criminal District Court of Tarrant. Tried below before the Honorable Geo E. Hosey.

Appeal from a conviction of robbery; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*Alexander & Baldwin,* for appellant.—On question of non-expert testimony: Hurst v. State, 40 S. W. Rep., 264; Henderson v. State, 93 id., 550; Wells v. State, 98 id., 851; Brice v. State, 162 id., 874; Taylor v. State, 227 id., 684.

On question of lunacy judgment: Hazelwood v. State, 186 S. W. Rep., 201.

On question of preliminary statement and affidavits: Dugan v. State, 199 S. W. Rep., 616; White v. State, 181 id., 193.

*Jesse M. Brown,* Criminal District Attorney, for the State.—On question of lunacy judgment: White v. White, 183 S. W. Rep., 369; White v. White, 196 id., 508. Loving v. Hazelwood, 184 S. W. Rep., 255.

On question that judgment of insanity does not preclude defendant's trial upon a criminal charge: Chase v. State, 41 Texas Crim. Rep., 560; Wilson v. State, 58 Texas Crim. Rep., 596; Morse v. State, 152 S. W. Rep., 928, and cases cited in opinion.

MORROW, PRESIDING JUDGE.—Conviction is for robbery; punishment fixed at confinement in the penitentiary for ten years.

The evidence is sufficient to show that the appellant committed the act of robbery.

Preliminary to the proceeding with the trial the appellant sought to read to the jury an affidavit made by the mother of appellant stating that he was insane and had been twice adjudged a lunatic and placed in the asylum. This was not for the purpose of having the question of present insanity tried. The law makes provision to protect insane persons against punishment for crime during the continuance of the malady. Revised Statutes, 1911, Title 10, Chap. 1; Chase v. State, 41 Texas Crim. Rep., 560; Guagando v. State, 41 Texas Reports, 630; Wilson v. State, 58 Texas Crim. Rep., 596, 127 S. W. Rep., 548. It was appellant's idea that the affidavit might be read because of sub-division 5 of Article 717, Code of Crim. Procedure in which the order of trial is prescribed and in which it is said: "that the appellant, preliminary to introducing his evidence, may state the defenses relied upon and the facts which he expects to prove." Appellant had a right by virtue of this statute to make such a statement but this right was not transgressed by the denial by the court of the privilege of reading the affidavit mentioned.

Appellant's mother testified that he had been twice convicted of insanity in San Antonio, once six years and once about two years prior to the date of the offense. In support of the latter conviction, appellant introduced a record of the proceeding before the County Judge of Bexar County, wherein in June, 1917, appellant was declared a lunatic and his confinement in an asylum ordered. It was also shown that in August of the same year, he was granted a release upon a furlough containing a proviso that in thirty days he should report in person or by letter. In connection with the furlough, his mother signed an obligation to pay any expenses incurred in the event his return became necessary.

There was other evidence, *pro* and *con,* both expert and non-expert, on the issue of insanity at the time of the commission of the offense and at the time of the trial.

Appellant advances the proposition that the judgment mentioned conclusively established the insanity of the appellant, and that in the

absence of an order vacating it, the issue of insanity was determined against the State by the introduction of the judgment. In support of this view the appellant refers to Article 39 of the Penal Code. The statute is in the following terms:

"No act done in the state of insanity can be punished as an offense. No person who becomes insane after he committed an offense shall be tried for the same while in such condition. No person who becomes insane after he is found guilty shall be punished for the offense while in such condition."

The case of Hazelwood v. State, 79 Texas Crim. Rep., 483, 186 S. W. Rep., 201; is also relied upon. Hazelwood, sometime before the commission of the offense, had been adjudged a lunatic and had been discharged, and later he was again tried and adjudged insane. Friends procured his delivery into their keeping by executing a bond which is described in Article 162 of the Revised Statutes of 1911. By this bond the obligation was made by those into whose custody Hazelwood was placed that they would restrain and care for him. One reason for making the bond was that at the time there was not room in the asylum for his confinement. A few days after the bond was executed he committed the offense and was again placed in the asylum from which, after his indictment, he was brought into the court and tried and convicted. The court reversed his case saying: "The appellant was brought out of the asylum and tried for a criminal offense. No man in Texas can be tried while he is insane. This precluded the trial of the appellant under the circumstances of this record." This decision but gave effect to the statute, Article 39 of the Penal Code. In the course of the decision reference is made to the fact that the judgment finding Hazelwood insane had not been set aside. The court was establishing no new rule, but applying the one long in existence, to the facts of the particular case in hand. The facts in the instant case are different. The appellant had been adjudged insane and released by the officers of the asylum. His release was not upon bond and security that he would be kept in custody, as in Hazelwood's case, but upon a mere parole conditioned that he should report in person or by mail within thirty days. The offense in the instant case took place nearly two years and a half after his release. During the time intervening he had been without restraint. He had gone at large in various parts of the State. There is nothing upon which the inference could be based that his liberty was not with the full sanction of the asylum authorities or that any reason existed in their minds for recalling the parole and again bringing him into custody. His *status,* from a legal point of view, was not like that of Hazelwood but rather like that of Witty. See Witty v. State, 69 Texas Crim. Rep., 125, 153 S. W. Rep., 1146. Witty, after the offense, had been adjudged a lunatic and confined in the lunatic asylum. At the time of his trial he was at large, the record being silent in regard to how he regained his liberty. The point was made that the judgment of lunacy was con-

clusive against the State. The contrary was held by the court, the court saying: "We hold that the judgment of the county court adjudging appellant insane is not a bar to the prosecution for the murder as contended by appellant, but is presumptive evidence of insanity, and makes a *prima-facie* case to be overcome by the State under the rules laid down."

The same rule is stated and applied in Hunt v. State, 33 Texas Crim. Rep., 263.

The lunacy judgment relied upon by the appellant bears upon its face evidence that the decision that he was a lunatic was not made by a jury but was made by a commission which purported to act under Chap. 163, Acts of the Thirty-third Legislature. This law so passed permitting a commission instead of a jury to determine the question of lunacy was held void by the Supreme Court in this State in the case of White v. White, 108 Texas, 570, 196 S. W. Rep., 510. The judgment of lunacy upon which the appellant relies, being void because the law under which it was rendered was contrary to the constitution of the State, was without force as a judgment Cyc. of Law & Procedure, Vol. 8, page 805. It did not authorize the detention of the appellant and was such a proceeding that its efficiency to even *prima-facie* establish his lunacy is questionable. The nature of the proceeding appeared upon the face of the judgment which was introduced by the appellant for the purpose of establishing his defense of lunacy. In commenting upon it, the prosecution referred to the fact that the judgment was void and that the statute under which it was rendered had been so declared by the Supreme Court. We think the complaint of this argument shows no ground for reversal. It was apparently but a comment upon the facts which were before the jury. The appellant is charged with knowledge of the fact that the law under which he claimed to have been adjudged a lunatic had been held void, and in our judgment, the comment mentioned was not improper; but if this were doubtful, it was not such an obviously harmful argument that it might not have been counteracted by an instruction to the jury to disregard it. No request for such instruction was made. Cockrell v. State, 85 Texas Crim. Rep., 326, 221 S. W. Rep., 943.

Failing to perceive error in the trial, we order the judgment affirmed .

*Affirmed.*

ON REHEARING.

May 25, 1921.

HAWKINS, JUDGE.—On the trial of this case the witness Cantrell, over objection, was permitted to testify as follows: "I have had occasion to talk to the defendant in this case. I talked to him about the time of his arrest, and afterwards, too. During my conversation and

observation of defendant I did not notice anything peculiar or unusual about his mental condition. I have been an officer in this county about fifteen years, off and on. During that time I have had occasion to see, observe and talk to insane persons."

In the motion for rehearing appellant insists that we were in error in not holding the admission of this testimony erroneous, and cites numbers of cases in support of his contention. All the cases cited by him disclose that the witnesses were permitted to state their opinion as to the sanity of accused without stating any facts upon which they based it, or showing their acquaintance with the accused to be so slight that their opinions were held to be inadmissible. In the instant case Cantrell did not undertake to express his opinion as to the sanity or insanity of the appellant, but simply reported to the jury, in effect, that what opportunity he had to observe and talk to him disclosed nothing of an abnormal character in his mental condition. The exact question was passed upon adversely to appellant's contention in the case of Turner v. State, 61 Texas Civ. App., 97, 133 S. W. Rep., 1052. The fact that Cantrell may not have conversed with appellant on many occasions and perhaps did not have a very intimate acquaintance with him would not render his testimony inadmissible, but would only go to the weight of the testimony to be considered by the jury. We refrain from a further discussion of the questions disposed of in the original opinion, believing the proper conclusions were arrived at, as stated therein.

The motion for rehearing is overruled.

*Overruled.*