## WALTER GARDENER v. THE STATE.

### No. 6453.   Decided November 30, 1921.

**1.—Forgery—Evidence—Non-Expert Witnesses—Insanity—Predicate.**

Where, upon trial of forgery, defendant pleaded insanity and the State introduced non-expert witnesses who did not lay a proper predicate to state their opinion as to the sanity or insanity of the defendant, same was inadmissible and reversible error.

**2.—Same—Rule Stated—Insanity—Non-Expert Witnesses—Predicate.**

The rules preclude the receipt of an opinion of a non-expert witness upon the issue of sanity, in the absence of a relation by the witness of some fact upon which the opinion is predicated, and the mere acquaintance of the subject of inquiry is not sufficient predicate to authorize the receipt of the opinion. Following Turner v. State, 61 Texas Crim. Rep., 97, and other cases.

**3.—Same—Evidence—Confessions—Arrest—Practice in Trial Court.**

Where defendant, at the time he made the admission to the officer, was aware of the intention of the sheriff to arrest him, or regarded himself as in custody or under restraint, was not disclosed, the matter should have been

submitted to the jury, although there was no warrant to exclude the testimony.

### 4.—Same—Venue—Charge of Court.

Where, upon trial of forgery, the evidence was such as justified the trial court in refusing to instruct the jury affirmatively to acquit unless the venue was proved, there was no reversible error, the jury being required, in the main charge to determine that the offense was committed in the county of the prosecution.

### 5.—Same—Burden of Proof—Insanity—Charge of Court.

Where, upon trial of robbery, the defendant pleaded insanity, and the court instructed upon this issue, under the rule of approved precedent in such cases, there was no error in refusing a requested charge on the same state of facts. Following Hurst v. State, 40 Texas Crim. Rep., 378, and other cases.

Appeal from the District Court of Hamilton. Tried below before the Honorable J. R. McClellan.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*A. R. Eidson,* for appellant.—On question of confessions: Nolan v. State, 9 Texas Crim. App., 4426; Clark v. State, 207 S. W. Rep., 98.

On question of insanity: Williams v. State, 37 Texas Crim. Rep., 348; Hazelwood v. State, 186 S. W. Rep., 201; Barton v. State, 230 id., 991; Taylor v. State, 227 id., 684.

On question of venue: McGlasson v. State, 38 Texas Crim. Rep., 351; Allen v. State, 199 S. W. Rep., 634.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—The conviction is for the offense of forgery; punishment fixed at confinement in the penitentiary for a period of two years.

The defense of insanity was interposed upon the evidence of both expert and non-expert witnesses. The State relied upon the testimony of the non-expert witnesses, and the sufficiency of the predicate given by them for the affirmative opinion that the appellant was sane is challenged.

One of these witnesses testified that he had known appellant for eight or ten years; that they had formerly been chums and closely associated together; that his recent association had not been intimate but that he had seen the appellant, talked to him and observed him on various occasions within the twelve months past; had seen the appellant conversing with others in a crowd, and had also seen him on a rabbit hunt but thereon had no conversation with him.

Other witnesses upon the subject were more meager but not more explicit. The rules governing the predicate for such an opinion are

stated in Williams v. State, 37 Texas Crim. Rep., 348. The reasons upon which they are based are there stated, and both rules and reasons have received the sanction of this court on various subsequent occasions. Henderson v. State, 49 Texas Crim. Rep., 512; Hurst v. State, 40 S. W. Rep., 264; Burton v. State, 51 Texas Crim. Rep., 200; Wells v. State, 50 Texas Crim. Rep., 501; Sims v. State, 50 Texas Crim. Rep., 565; Betts v. State, 48 Texas Crim. Rep., 525; Lee v. State, 43 Texas Crim. Rep., 287; Plummer v. State, 86 Texas Crim. Rep., 487; Hazelwood v. State, 79 Texas Crim. Rep., 483, 186 S. W. Rep., 201; Barton v. State, 89 Texas Crim. Rep., 387, 230 S. W. Rep., 989; Taylor v. State, 88 Texas Crim. Rep., 470, 227 S. W. Rep., 684; Turner v. State, 61 Texas Crim. Rep., 97. As applied to the matter in hand, the rules mentioned preclude the receipt of the opinion of a non-expert witness upon the issue of sanity in the absence of a relation by the witness of some fact upon which the opinion is predicated, and a mere acquaintance with the subject of inquiry is not sufficient predicate to authorize the receipt of the opinion. In the instant case, it was manifestly practicable to have elicited from the witnesses some act or word or appearance or conduct of the appellant forming the basis of the opinion expressed to the end that the jury might test the value of the opinion by the predicate. If the non-expert witness can detail no fact or circumstance as a predicate but is able only to relate his acquaintance with the subject of inquiry, his opinion of sanity cannot be received. Turner v. State, 61 Texas Crim. Rep., 97; Burton v. State, 51 Texas Crim. Rep., 200; Betts v. State, 48 Texas Crim. Rep., 525; Barton v. State, 89 Texas Crim. Rep., 387, 230 S. W. Rep., 989; Taylor v. State, 88 Texas Crim. Rep., 470, 227 S. W. Rep., 684. In our opinion, in receiving the testimony mentioned, the trial court fell into error prejudicial to the appellant.

The forged instrument, a check, was used in procuring a shipment of merchandise from Dallas to Hamilton, addressed to Hugh Watson. Appellant called for the goods, and the express agent called the sheriff. The sheriff went to the express office for the purpose of arresting the person who called for the goods, and soon after his arrival, took appellant in custody. Before notifying the appellant that he was under arrest, the sheriff obtained from him the admission that he had forged the check. Whether appellant, at the time he made the admission, was aware of the intention of the sheriff to arrest him or regarded himself as in custody or under restraint, is not disclosed by direct testimony. The state of his mind upon that subject was of importance in determining the admissibility of his unwarned confession. Clark v. State, 84 Texas Crim. Rep., 390, 207 S. W. Rep., 98. The circumstances were such as might have warranted the jury in concluding that he was conscious of the fact that he was in custody, but we think not conclusively so as to require the exclusion of the testimony. Upon request, his attitude upon the subject might have been submitted to the jury and the use of the testimony against him made to depend upon .

their finding. Without reciting the facts, we are of the opinion that the evidence was such as justified the trial court in refusing to instruct the jury affirmatively to acquit unless the venue was proved. In his main charge, as a predicate for conviction, the jury was required to de- termine that the offense was committed in Hamilton County.

To our mind, the record reveals the fact that the case was tried upon the theory that the appellant was a resident citizen of Hamilton County. The date marks on the check and the order, the shipping directions, the locality of the appellant at the time that he called for the property, and the other facts adverted to negative the idea that there was any contention upon the trial court that at the time of the forgery, appel- lant was elsewhere than in Hamilton County. It is true that the burden was not upon the appellant to show where the forgery took place, but the affirmative evidence introduced by the state showing that the trans- action was in Hamilton County, in the absence of any controverting testimony adduced upon that subject, was sufficient to show that the matter of venue in Hamilton County was not controverted.

Complaint is made of the refusal of the trial court to give a special charge instructing the jury that the burden was not upon the appellant to establish his insanity, beyond a reasonable doubt, but that it was re- quired only that it be proved by the preponderance of the evidence. The charge contains a correct statement of the law, but as we under- stand the precedents upon the subject, appellant's rights were fully guarded by the main charge, which rendered the special charge unnec- essary. The court instructed in the language of Wilson's Criminal Form, 929, which charge has been approved as a sufficient statement of the law on numerous occasions. See Clark v. State, 8 Texas Crim. App., 350, and other cases listed in Vernon's Texas Crim. Statutes, vol. 1, p. 19, note 10. There are some instances in which the court has deviated from the charge mentioned, and in doing so has increased the burden upon the accused. Under such circumstances, the special charge requested by appellant has been held suitable to correct the error. Hurst v. State, 40 Texas Crim. Rep., 378. In the instant case, there was no error in refusing it.

Because of the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*