### Clifford Francks v. The State.

No. 11376.   Delivered March 28, 1928.

Rehearing denied State April 25, 1928.

**1.—Murder—Judgment of Lunacy—By Lunacy Commission—Invalid.**

Where, on a trial for murder, the appellant, under the defense of insanity, introduced two judgments of lunacy against himself rendered by a lunacy commission in 1915, these judgments were invalid by reason of the unconstitutionality of the law creating the lunacy commission to try one accused of lunacy.  See White v. White, 108 Tex. (Sup. Ct.) 570, and Barton v. State, 230 S. W. 989.

**2.—Same—Evidence—Of Custom—Erroneously Admitted.**

Where, on a trial for murder, the appellant having introduced a valid and subsisting judgment rendered by a court of competent jurisdiction against himself for lunacy, it was error to permit the state to prove that it was the custom of the County Court of Harris County to enter judgments against drug addicts, who needed treatment, for the purpose of confining them so that they might be treated for such habits.

**3.—Same—Insanity as Defense—When Judgment Is Shown—Burden of Proof.**

Where, on a trial for murder, insanity being the defense, a valid and subsisting judgment of insanity against appellant having been shown, the burden of rebutting this defense was upon the state, and it was error for the court to charge the jury under these facts that the burden of proving such defense was upon appellant.  See Witty v. State, 69 Tex. Crim. Rep. 125, and Morse v. State, 63 Tex. Crim. Rep. 352.

**4.—Same—Requested Charge—On Burden of Proof—Of Insanity—Erroneously Refused.**

Where, on a trial for murder, a valid and subsisting judgment of lunacy against appellant having been shown, it was error to refuse a requested charge that the burden of proof was then upon the state to prove appellant's sanity, beyond a reasonable doubt.

#### ON REHEARING BY STATE.

**5.—Same — Informalities in Record — Death Penalty Case — Practice on Appeal.**

On rehearing, the state calls our attention to some informalities in preserving exceptions to the refusal of requested charges, and as to the time in which bills of exception were filed.  This court has operated under a liberal rule, which favors the consideration of the record in order to reach a decision upon the merits of the case in which the death penalty has been assessed, and especially is this true where, from the entire record, matters are revealed which in all likelihood worked to the injury to the accused. See Collins v. State, 95 Tex. Crim. Rep. 465.

Appeal from the Criminal District Court of Harris County. Tried below before the Hon. Whit Boyd, Judge.

Appeal from a conviction of murder, penalty assessed at death.

The opinion states the case.

*John T. Wheeler* of Galveston, for appellant.

*Horace Soule,* District Attorney of Houston, and *A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction of murder, punishment at death.

The undisputed testimony in this case shows that appellant shot his wife and killed her at or about the time alleged in the indictment. They had separated and she was at the home of her sister. He went there, and being unable to induce her to accompany him away, shot her. The only defense interposed was that of insanity. Practically all the witnesses on this issue testified that for many years appellant had been a drug addict, and four judgments of lunacy against him in the records of the County Court of Harris County, were introduced by the defense. Two of these judgments were in 1915 and must pass out of consideration in this case because of the fact that they were rendered by lunacy commissions, each composed of a group of doctors. The judgments of such commissions become invalid by reason of the unconstitutionality of the law authorizing a trial of one accused of lunacy by a commission of doctors, as held by the Supreme Court of this State in White v. White, 108 Texas, 570, which was approved by this court in Barton v. State, 230 S. W. 989. As far as we are able to tell from the record the judgments of lunacy entered against the accused in 1920 and 1921 remain unvacated and in nowise set aside to this day. Certified copy of the judgment of 1921 bears upon it a memorandum showing that appellant was released upon the recommendation of Dr. York, but we do not believe this sufficient evidence that a judgment of the court had been vacated or annulled.

There is a bill of exceptions complaining of the fact that upon this trial, over the objection of the appellant, the learned trial judge permitted the state to show by various and sundry witnesses that it was the custom of the County Court of Harris County to enter judgments against drug addicts who needed treatment, for the purpose of confining them so that they might be treated for such habits. The bill certifies that this was the purpose for which the testimony was introduced. We are of the opinion that the solemn judgment of a court cannot be impeached or attacked, or in anywise vacated or annulled by

proof of such custom.   We have no desire to criticise the humane officials of Harris County for doing anything they can to relieve the suffering of drug addicts, and their action in entering such judgments for the purpose mentioned is not before us for review, other than to hold that testimony of the character objected to was not admissible in this case for the purpose of relieving the state from its responsibility of assuming the burden of proof on the issue of insanity in a case of one who interposes that defense, who is shown by the testimony to have been adjudged insane at a time prior to the commission of the alleged offense. In the case before us the court charged the jury, as in ordinary cases where insanity is interposed as a defense, that the burden of proving such defense rests upon the accused.   This was manifestly erroneous under all the authorities in this state.   Witty v. State, 69 Tex. Crim. Rep. 125; Morse v. State, 68 Tex. Crim. Rep. 352.

There appears in the record a special charge requested by the appellant and refused by the trial court, to which action an exception was taken, in which special charge the court was asked to instruct the jury that the burden was upon the state to prove appellant's sanity beyond a reasonable doubt.   There are inapt expressions in the charge and the form of it is not commended, but unquestionably under the facts of this case the court should have responded to the request and instructed the jury that the burden was upon the state to show the sanity of the accused beyond a reasonable doubt, in view of the fact that he had been adjudged insane at a prior time.   We are unable to believe the failure of the court to properly instruct on the burden of proof, to be other than an error of possible grave injury to the accused.   We will not speculate.   He was given the death penalty.

Believing the court erred in refusing to give the charge containing the principle announced, and in admitting testimony the effect of which was to reflect upon the sanctity of the judgment of a court of competent jurisdiction, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In a motion for rehearing filed by the state our attention is called to some informality in preserving exception to refusal of the special charge adverted to in our former opinion, and also suggesting that the bill of exception

complaining of the admission of testimony was not filed within the time specified in the court's order. This court has operated under a rule which favors a liberal consideration of the record in order to reach a decision upon the merits in a case in which the death penalty has been assessed, and especially is this true when from the entire record matters are revealed which in all likelihood worked to the injury of accused. Collins v. State, 95 Tex. Crim. Rep. 405, 254 S. W. 805.

Believing our original opinion to be a correct disposition of · the case upon the question therein discussed, the motion for rehearing is overruled.

*Overruled.*