## JAMES KENNON DAVIS v. STATE

No. 34,913.   November 7, 1962

*Hattie E. Briscoe,* San Antonio, for appellant.

*James E. Hope,* Assistant District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

McDONALD, Judge.

Appellant was convicted for the offense of "Operating a motor vehicle upon a public highway * * * while under the influence of intoxicating liquor," in a trial before the court, without the intervention of a jury, in County Court at Law No. 3 of Bexar County. His punishment was assessed by the court at a fine of $50 and three days in jail.

The state adduced testimony from one witness, L. O. Hemphill, a highway patrolman. Officer Hemphill identified the appellant as the driver of the car which he testified was traveling at a high rate of speed, approximately seventy miles per hour. The witness further related that he followed appellant's car on the occasion in question, which was at night, and observed that he was driving from one side of the road to the other; that he pulled up beside appellant and stopped him and appellant pulled off the road at an angle, with the rear end of the car still upon the pavement. The officer stated that he got out of his patrol car and walked up beside appellant's car and asked him to step out; that appellant "opened the door, and started to get out, and he almost fell down"; that appellant just stumbled out, more or less, when he got out and "was holding on to the door of the car". Officer Hemphill also testified that a woman who was in the car with appellant "got out of the car and came around and was pulling on me and hollering at me, and wanted to know what I thought I was doing." The officer testified that "She was very much intoxicated," and that he arrested her. He related that appellant's speech was slurred; that he had a strong odor of alcohol on his breath; that he searched the car and found two pint bottles of whisky, one empty and the other one partially empty. Witness Hemphill related, again, that appellant was unsteady and staggered when he walked; that when he stood still the upper half of his body would weave back and forth. This witness also related that appellant agreed to take a urine test but when he got to the jail he refused it. The officer then expressed his opinion that the appellant was intoxicated.

Appellant testified as a witness in his own behalf. He denied that he was speeding; that he did not know why the officer stopped him. It was his testimony that he was not drunk but that "four of us had a highball out of this pint." He also testified: "I * * * Drink very little"; that he had complete control of all of his faculties; that he understood everything the officer was saying to him; that his woman companion was arrested for being drunk but that she was not doing anything; that he felt that a drunk test would prove that he was not drunk and that he asked for one but was not given one.

There are no formal bills of exception, and the informal bills of exception do not reflect error.

The state filed no brief in this case.

Appellant challenges the sufficiency of the evidence to support the conviction. His counsel also urges, by brief, that the state failed to adduce any testimony to corroborate the testimony of the arresting officer.

The trial court was, in this case, the trier of facts as well as law. The court was the exclusive judge of the facts proven, the credibility of the witnesses, and the weight to be given their testimony. While it is true that the arresting officer was the only witness for the state, his testimony needed no corroboration.

Appellant's counsel filed a brief in which fifty-three cases are cited us in support of appellant's position. We commend counsel for the orderly manner in which these cases are cited in her brief. Reliance is had upon Toombs v. State, 113 Texas Crim. Rep. 602, 21 S.W. 2d 1051, and Thurman v. State, 167 Texas Cr. Rep. 21, 317 S.W. 2d 737, as authority for reversal of cases where the state's testimony was adduced by only one witness. We have carefully reviewed both of these cases. In Toombs, the state's one witness failed to testify that he smelled liquor on appellant's breath and he failed to express an opinion that appellant was intoxicated. Toombs also had a witness to corroborate his denial of intoxication. In the case at bar the state's witness did express the opinion that appellant was intoxicated, and the appellant had no witness to corroborate his version of the transaction. In Thurman, supra, two state's witnesses testified that they did not get close enough to the appellant to smell his breath; neither testified that he was intoxicated. A doctor did testify in Thurman's case that he treated him at a hospital for his injuries and that he was with him about an hour and a half, during which time appellant was unconscious, and did nothing; that he found a bottle of whisky in appellant's coat pocket, about half of which was gone. The witness expressed his opinion that, on such occasion, appellant was intoxicated. This court held that the doctor's opinion was based upon facts which were as consistent with injury as with intoxication.

We do not disagree with the results reached by this court in either Toombs or Thurman, supra. Both cases were reversed for insufficient evidence. We do not think that these cases have the same fact situations as reflected by the evidence in the instant

case, and they do not support appellant's position. Appellant's contentions are without merit. We overrule them.

Finding the evidence sufficient, the judgment is affirmed.