Jack Welton **WILLIAMS**, Appellant (True name: **D. D. Carpenter, Jr.**),

v.

**The STATE of Texas, Appellee.**

No. 36070.

Court of Criminal Appeals of Texas.

Nov. 13, 1963.

E. A. Cade, Dallas, for appellant.

Henry Wade, Dist. Atty., Louis Francis, Don Wills and A. D. Jim Bowie, Asst. Dist., Attys., Dallas, and Leon B. Douglas, State's Atty., of Austin, for the State.

McDONALD, Judge.

The offense is driving while intoxicated; the punishment, a $50.00 fine and confinement in jail for 90 days.

The evidence shows, through the testimony of William R. Lassiter, a police officer for the City of Dallas, that while he was performing duties directing traffic at the intersection of Ervay and Jackson Streets, he observed an automobile stopped and parked in a "no parking zone" and that traffic was "stacking up". Officer Lassiter further testified that as he approached the automobile, he observed the appellant get out of the car from the left side and a female person who was sitting on the opposite side of the driver, slide under the wheel of the vehicle. After identifying the appellant as the person driving the automobile, the officer further testified that he observed appellant walk to a bar called "Tom's Place", in a swaying and staggering condition.

The officer went into the bar, asked the appellant to come out, which he did, and then requested appellant's driver's license. Appellant produced a driver's license which bore the name Jack Welton Williams. Officer Lassiter further testified that this license was not the license of the appellant and that appellant's true name was D. D. Carpenter. The witness further testified that in his opinion, based on prior observations of intoxicated persons, that appellant was intoxicated, that he had bloodshot eyes, and a strong odor of alcohol on his breath. The witness further related that appellant's attitude was very belligerent, as shown by his fighting and using profane language, and that appellant pulled a knife when an attempt was made to search him; that he got the knife away from the appellant at which time the appellant began cursing and screaming until the officer put handcuffs on him.

Officer Paul Wilkins and Officer Henry L. Cox, testified that they came to the scene and observed the appellant and that appellant was, in their opinion intoxicated.

Officer Henry L. Cox further testified that appellant was taken to City Hall where an intoximeter test was administered. J. C. Day and Floyd Alexander identified the intoximeter test as being the same as delivered to Dr. Morton Mason for chemical analysis. Dr. Mason testified as an expert that he made a chemical analysis of the intoximeter test which result showed appellant to have .247% blood alcohol content. Dr. Mason further testified that a person having such blood alcohol content would have lost the normal use of his physical and mental facilities.

Appellant asserts that the verdict is contrary to law and evidence as it was not proved that he was driving the automobile at the time and on the occasion in question.

**328**

This contention is without merit. We find the evidence offered by the state to show appellant was the driver of the car to be sufficient. Officer Lassiter testified that he saw the car come to a stop at the curb, that he had approached to within twenty feet of the car when the appellant opened the car door and got out from the left hand or drivers side. See Davis v. State, 172 Tex.Cr.R. 603, 361 S.W.2d 709: "While it is true that the arresting officer was the only witness for the state, his testimony needed no corroboration."

Appellant further contends that the verdict rendered by the jury in this case was motivated by bias, prejudice and passion and that the verdict is excessive and too severe under the evidence and further reflects that he did not receive a fair and impartial trial.

Art. 802 of Vernon's Texas Penal Code provides, " * * * and upon conviction shall be punished by confinement in the county jail for not less than three (3) days nor more than two (2) years, and by a fine of not less than Fifty ($50.00) Dollars nor more than Five Hundred ($500.00) Dollars." It is obvious that appellant received the minimum fine provided and a jail term much less than the maximum. Judge Belcher in Bell v. State, 166 Tex.Cr.R. 340, 313 S.W.2d 606 stated: "It has been the consistent holding of this court that, if the punishment is within that prescribed by the statute, it is beyond the province of this Court to pass on the question as to whether the evidence is sufficient to support a punishment greater than the minimum." We have stated many times that this court will not substitute its judgment for that of the jurors unless the decision of the jurors is clearly wrong.

Further contentions of the appellant that the trial court erred in admitting evidence that appellant pulled a knife on Officer Lassiter and erred in admitting statements made by appellant while under arrest are without merit as this was not complained of nor objected to in the original trial of this cause and appellant on cross examination asked further questions concerning the testimony of which he now complains. Thus any error as to this testimony was waived.

We have carefully examined appellant's remaining contentions and find no merit in any of them.

Finding no reversible error and the evidence sufficient to support the verdict, the judgment is affirmed.