Jesse Peter DALEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 45832.

Court of Criminal Appeals of Texas.

March 21, 1973.

Rehearing Denied April 11, 1973.

Robert A. Scardino and James Y. Sitgreaves, Houston, for appellant.

Carol Vance, Dist. Atty., Sam Robertson, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is felony theft; the punishment, three (3) years.

In the interest of clarity, appellant's last two grounds of error, in which he challenges the sufficiency of the evidence, will be discussed first.

The prosecuting witness testified that appellant represented to him, fortified by certain documents, that he had access to a "blowout preventer" [1] which he might acquire for $9,500 and that he had a purchase order in the sum of $13,500 from the well-known firm of Loffland Brothers for such a blowout preventer. Appellant further represented to the prosecuting witness that he needed $9,500 to acquire the equip-

---

1. Apparently a device used in oil production.

ment and that he would share the profits from its sale with him. The prosecuting witness furnished the $9,500. The instruments were shown to be fictitious and appellant's representations fraudulent.

The prosecuting witness was repaid, by cash and a note, on the morning this case went to trial.

These facts clearly show a theft by false pretext and are sufficient to support a conviction.

■ Ground of error one complains of evidence of "alleged unproven offenses involving appellant" which appellant claims had not resulted in convictions and which were too remote.

Appellant, testifying in his own behalf, denied that the instruments involved in the case at bar were forged, or that he had falsely represented anything to the prosecuting witness.

In rebuttal the State offered evidence of other similar forged and fictitious instruments which had been used by appellant to defraud other businessmen within three years prior to the date alleged in the indictment. All transactions were with investors familiar with oil field machinery and related to the alleged existence of such machinery.

In O'Brien v. State, Tex.Cr.App., 376 S. W.2d 833, we had before us a very similar fact situation. There we quoted from 78 A.L.R.2d 1364, gave the Texas rule, and concluded with this observation:

"Commission of other crimes or transactions may be shown only . . . where *intent otherwise becomes an issue in the trial.*"

There, as here, appellant by his testimony made intent an issue. See also Potter v. State, Tex.Cr.App., 481 S.W.2d 101.

■ Grounds of error two and three complain of the testimony of the witness Maley, who was an attorney for one of the defrauded businessmen. Maley testified about a conversation he had with appellant in which he tried to collect some of the money appellant owed his client Williams. This was not hearsay and was admissible in rebuttal of appellant's testimony that his trade with Williams was legitimate and that Williams had been repaid.

Appellant is confused by the fact that some of the matters Maley communicated to appellant were themselves hearsay. That is, Maley's client Williams, who was out of the country at the time of this trial, was the source of this information. The witness Cullen, Williams' business associate, testified about Williams' business transactions with appellant from his personal knowledge and from Williams' business records as to most of the matters complained of by appellant.

In particular, appellant complains of the following from Maley's testimony concerning his conversation with appellant:

"A. I recall now. I told Mr. Daley that I had determined that Lloyds of London did not have their own adjusters.

"MR. SCARDINO [defense attorney]: Now, Judge, is that hearsay? I object. How would he have determined unless someone told him? How do we strike that?

"THE COURT: Counsel, I overruled your objection.

"A. (By witness) I told him that Lloyds of London used Crawford & Company Adjusters and that Crawford & Company had no Matt Donnley working for them.

"MR. SCARDINO: We have the same objection to this entire thing. How would he know they used Crawford & Company unless someone told him? May I take him on voir dire?

"THE COURT: Yes sir."

Elsewhere in the record we find the testimony of the witness Rush Johnson who testified without objection that he did adjusting work for Lloyds of London worldwide and had done so since 1951 and that the firm had no adjusters of their own and that he knew of no Matt Donley working for them.

In another particular appellant complains of the following which occurred during Maley's examination:

"Q. What did the defendant say to you?

"A. Mr. Daley told me that he was sorry that my people had been financially hurt and he wanted to work out some system with me to see that they were paid back the balance of the money owed to them."

■ No objection was interposed to such question and answer and nothing is presented for review. Even if an objection had been interposed there would have been no error.

■ Ground of error four, presented without citation of authorities, contends that the court erred in permitting questions concerning numerous exhibits without the State having proved these same to be admissible. He refers to several different groups of exhibits which were identified by number but not introduced in evidence. Such is not a proper ground of error under Article 40.09, Section 9, Vernon's Ann.C.C.P. Further, without the exhibits before us in the record we are unable to pass upon appellant's contention.

Ground of error five complains of the argument of prosecutor which in part was as follows: "and where are the people to come in here and say this man has a good reputation for honesty and fair . . .".

At this juncture appellant's counsel objected and moved for a mistrial.

Appellant contends that this was error because the appellant had not put in issue his reputation for honesty and fair dealing.

■ If we concede appellant to be correct we must nevertheless determine if appellant has preserved the error. It should be noted that appellant asked for no relief save a mistrial. This would have been sufficient if the error was a violation of a statute or other manifest error which could not be cured by an instruction to disregard. However, recently in Blassingame v. State, Tex.Cr.App., 477 S.W.2d 600, we were discussing argument relating to defendant's failure to call certain witnesses. In that case defendant moved for a mistrial only without a motion to instruct the jury to disregard the argument. There we said:

"This court is not inclined to grant a new trial where the error could have been alleviated by curative instructions and the record reflects no request therefor. Dorsey v. State, 450 S.W.2d 332 (Tex.Cr.App.1969); Barton v. State, 89 Tex.Cr.R. 387, 230 S.W. 989 (1921)."

See also Hunter v. State, Tex.Cr.App., 468 S.W.2d 96, 101; and Jones v. State, Tex. Cr.App., 458 S.W.2d 89, 92.

■ Ground of error six complains that on several occasions, and especially during the testimony of the witness Maley, statements were made regarding appellant's bad character. The brief does not set out what "statements" appellant is relying upon. We observe that such is not a proper ground of error under Article 40.09, Section 9, V.A.C.C.P. Nothing is presented for review.

Finding no reversible error, the judgment is affirmed.