## ISOM ELLIS v. THE STATE.

### No. 288.    Decided January 31.

1. **Rape—Evidence—General Reputation of Prosecutrix as to Mental Capacity.**—On a trial for rape it is not permissible to prove that the prosecutrix was regarded in the neighborhood where she resided as wanting in good sense.

2. **Same—Insanity.**—Insanity can not be proved by general reputation.

3. **Same—Nonexpert Testimony.**—Where the testimony of nonexperts is relied upon to prove insanity, the opinion of such witnesses is competent evidence only when the facts and circumstances upon which it is based are stated by such witnesses.

4. **Charge—Circumstantial Testimony.**—It is not error to refuse to charge upon the law of circumstantial testimony where the testimony is positive and direct.

APPEAL from the District Court of Falls. Tried below before Hon. S. R. SCOTT.

Appellant was tried upon an indictment charging him with rape upon the person of one Patsy Mitchell, and was convicted, the punishment being assessed at a term of imprisonment in the penitentiary for fifty years.

The evidence discloses that the rape was committed on Saturday night, April 15, 1893. Patsy Mitchell is shown to have been a very old woman, with "not a tooth in her head," while appellant, according to his own testimony, was something over sixteen years of age. When Patsy Mitchell arrived at home "her mouth was hurt and her throat was swelling, and she could not make herself understood until

the following Monday, when she told that she had been ravished. Her clothes were dirty, and she had dirt in her ears. From Saturday night until Monday evening her tongue was swollen and protruding from her mouth." She testified that defendant had choked her, and that she had fought and scratched his face during the whole time of the occurrence. Witnesses testified to several severe scratches on defendant's face after that Saturday night, and the scars of the scratches were still visible at the time of the trial.

At the trial defendant, by his witness, Zeke Battle, proposed to prove, "that he knew the prosecutrix, and that she was generally regarded in the neighborhood in which she resided as a person not having good sense." Also proposed to prove by the same witness, "that he had known the prosecutrix for a long while, and knew that she was a woman that did not have good sense, and that she was about half-crazy." On objection by the State this evidence was excluded and held by the court to be incompetent and inadmissible.

*Rice & Bartlett,* for appellant.

*R. L. Henry,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—1. This conviction was for rape, the assessed punishment being fifty years in the penitentiary. By a witness defendant offered to prove, "that he knew the prosecutrix, and knew that she was generally regarded in the neighborhood in which she resided as a person not having good sense." This testimony was properly rejected. Insanity can not be proved by general reputation. Further, by the same witness, he proposed to prove that he "had known the prosecutrix for a number of years, and knew her well, and knew that she did not have good sense, and that she was about half-crazy." This was offered for the purpose of "affecting the testimony" of the prosecutrix, and to show her to be of weak intellect. While this may be done and by nonexpert testimony, yet it must be done legally. Where the testimony of nonexperts is relied upon to prove insanity, the opinion of such witness may be given; but, in order to elicit such testimony, the facts and circumstances upon which the opinion is based must be stated by the witness as a prerequisite to the opinion. This was not done in this case. Willson's Crim. Stats., sec. 87, and authorities cited.

2. There was no error in refusing the charge upon the law of circumstantial evidence. The testimony is positive that defendant committed the rape.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.