## Bully Wilson v. The State.

### No. 224.    Decided March 30, 1910.

**1.—Burglary—Insanity—Practice in District Court.**

Where, upon trial of burglary, the defendant filed a plea setting up insanity at the time of the commission of the offense, and asked that this should be first tried; whereupon a jury was empaneled, and after some testimony was introduced the jury was discharged and another jury, consisting of the same jurors, was empaneled and the plea of insanity was submitted with the general plea of not guilty, and the court properly submitted the issue of insanity in his charge, there was no error. Following Chase v. State, 41 Texas Crim. Rep., 560.

**2.—Same—Charge of Court—Insanity—Preponderance of Evidence.**

When interposed as a defense by one accused of a crime, the burden of proof is on the accused to show insanity, and this must be clearly proved by a preponderance of the evidence, and where the court, in a trial of burglary, so charged the jury, there was no error.

**3.—Same—Evidence—Bill of Exceptions.**

Where, upon appeal from a conviction of burglary, the appellant complained that by the question of the State's counsel to the witness the jury was given to understand that the defendant had formerly been tried for an offense, but the bill of exceptions failed to state the answer to the question propounded by State's counsel, there was no error.

**4.—Same—General Reputation of Insanity.**

Upon trial for burglary, where defendant plead insanity he could not prove the same by general reputation, or of what people said about it. Following Ellis v. State, 33 Texas Crim. Rep., 86, and other cases.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. E. R. Campbell.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Woods & Graham*, for appellant.—Upon question of the right of defendant to have tried first the issue of his insanity by a separate jury before the defendant should be required to plead not guilty: Baughn v. State, 38 L. R. A., 577; State v. Reed, 41 La. Ann., 581; Com. v. Braley, 1 Mass., 102; Freeman v. People, 47 Am. Dec., 216; Taffe v. State, 23 Ark., 34; State v. Peacock, 50 N. J. L., 34; U. S. v. Lan-

caster, 7 Biss., 440; People v. Farrell, 31 Cal., 576; State v. Harrison, 18 L. R. A., 224; French v. State, 93 Wis., 325; People v. Ah Ying, 42 Cal., 18; Burton v. State, 33 Texas Crim. Rep., 138; Fogarty v. State, 80 Ga., 450; Rex v. Pritchard, 7 Car. & P., 303; Webber v. Com., 119 Pa., 223; Guagando v. State, 41 Texas, 626.

On question of court's charge on insanity and burden of proof: McCullough v. State, 50 Texas Crim. Rep., 132, 94 S. W. Rep., 1056; Hurst v. State, 40 Texas Crim. Rep., 378.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglary, his punishment being assessed at two years confinement in the penitentiary.

1. When the case was called for trial appellant filed a plea setting up insanity at the time of the commission of the offense, and asked that that issue be first tried. A jury was impaneled and some of the testimony introduced. That issue was then withdrawn from the jury and tried under the general plea of not guilty along with the other issues submitted to the jury. The issue of insanity at the time of the commission of the offense was submitted by the court in the charge. There was considerable evidence introduced in regard to insanity. The court, among other things, qualifying the bill of exceptions reserved to the withdrawal of the special issue before the jury and submitting it with the general issues, states that the same jury which was impaneled to try the special issue of insanity tried the entire case, and the issue of insanity was submitted to the jury in the charge. We are of opinion that this does not present a matter for which this judgment should be reversed. The court states that his action in the matter was based upon the authority of Chase v. State, 41 Texas Crim. Rep., 560. The opinion in the Chase case shows that appellant in that case had been found insane under a verdict of the jury, and when placed upon trial, on the general issue, he plead that under the former finding of the jury he was insane and could not be placed upon final trial until that judgment had been set aside by the proper court. This court held the action of the trial court in that case was correct. We see no practical difference between the question in that case and that here urged. We refer to the reasoning of Judge Henderson in the Chase case, supra, without further comment, and hold it decisive of the question here presented.

2. Instructing the jury in regard to insanity the court informed them that the insanity must be clearly proved in order to authorize the jury to find that question in favor of appellant. There are quite a number of authorities in Texas which have laid down this rule as being correct. This ruling is based upon the theory which is recognized in Texas as correct, that the burden of proof is on the accused to show insanity, and that this must be clearly proved and by a pre-

ponderance of evidence. There was no error in the charge of the court in respect to this matter.

3. While Keating was testifying in behalf of the defendant, and after he had stated that defendant at the time he had an attack of typhoid fever was a little boy wearing knee pants, the district attorney asked the witness this question: "Well, he wore knee pants here in the courtroom when he was formerly here?" Appellant urged objection to this on the ground that it was improper, irrelevant and immaterial, and calculated to prejudice the rights of the defendant before the jury, as this gave the jury to understand that defendant had formerly been tried in the court for crime. The bill does not show that the witness answered, and, of course, fails to show what the answer was, if answered. The bill can not, therefore, be considered.

4. The other questions are not urged in the brief for reversal. In fact, the other bills of exception show nothing for which this court ought to be required to reverse the judgment. In this respect it may be stated, in a general way, that some of the bills show that appellant proposed to prove the general reputation that defendant was insane, as well as what people said about it. Under the authorities in this State this testimony was not admissible. Ellis v. State, 33 Texas Crim. Rep., 86; Cannon v. State, 41 Texas Crim. Rep., 467. There are other matters in regard to general reputation, but about on the same line.

Finding no error in the record the judgment is affirmed.

<em>Affirmed.</em>

McCord, Judge, not sitting.
[Rehearing denied April 19, 1910.—Reporter.]