RAMON RAMIREZ v. THE STATE.

No. 6929. Decided May 24, 1922.

1.—Murder—Insanity—Practice in Trial Court.

Under Article 39, Penal Code—no act done in a state of insanity can be punished as an offense, and no person who becomes insane after he committed the offense, etc., shall be tried or punished for such offense, and where defendant made application, supported by affidavit, calling for a trial on the issue of insanity separately from the issue charged in the indictment, the application should have been granted, and a refusal to do so is reversible error. Following Guagando v. State, 41 Texas, 626, and other cases.

2.—Same—Insanity—Practice in Trial Court.

The court does not believe the purpose, evident from the language of Article 39, Penal Code, can be met by a trial of present insanity at the same time and before the same jury, as a trial of the issue of guilt of the crime

charged. This would not be in conformity with the statute; and the proposition is wholly different from that involved in a trial for crime wherein the accused, under his plea of not guilty, etc., that he did not have mental capacity to recognize his wrongful acts. Distinguishing Chase v. State, 31 Texas Crim. Rep., 560. Wilson v. State, 58 Texas Crim. Rep., 596.

### 3.—Same—Confession—Evidence—Insanity.

Upon trial of murder, where the appellant claimed present insanity, defendant's confession was introduced in evidence, and the jury were instructed to consider same only as bearing upon the question of insanity, the same was reversible error. Following Kellum v. State, recently decided.

Appeal from the District Court of El Paso. Tried below before the Honorable W. D. Howe.

Appeal from a conviction of murder; penalty, confinement in the penitentiary for life.

The opinion states the case.

*L. A. Dale,* for appellant.

*W. A. Keeling,* Attorney General, and *C. L. Stone,* Assistant Attorney General, for the State.—Cited cases in opinion.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of El Paso County of murder, and his punishment fixed at confinement in the penitentiary for life.

When the case was called for trial an affidavit, in manner and form sufficient for the purpose intended, was presented to the trial court by counsel appointed to represent appellant, in which affidavit the present insanity of appellant was stated, and a request was made that he be first and separately tried upon that issue, which request was refused by the trial court. Article 39 of our Penal Code is as follows:

"No act done in a state of insanity can be punished as an offense. No person who becomes insane after he committed an offense shall be tried for the same while in such condition. No person who becomes insane after he is found guilty shall be punished for the offense while in such condition."

Attention is called to the second paragraph of said article. Our conclusion regarding this is that it contemplates a trial and determination, if desired by the accused, of the issue of present insanity separate from and prior to the trial for the commission of the offense with which he is charged. Such we understand to be the decision in Guagando v. State, 41 Texas, 626; Ex parte Trader, 24 Texas Crim. App., 396; Witty v. State, 69 Texas Crim. Rep., 125, 153 S. W. Rep., 1148, and Youtsey v. State, 97 Federal, 940. Such likewise is the effect of the reasoning of this court in Lermo v. State, 68 S. W. Rep., 684, and Holland v. State, 52 Texas Crim. Rep., 161. We do not believe the purpose evident from the language of the article quoted

can be met by a trial of present insanity at the same time and before the same jury, as a trial of the issue of guilty of the crime charged. To try the prisoner for present insanity and for the crime charged, in one and the same proceedings, would not seem to be in conformity with a statute which provides that he shall not be *tried* for the offense while he is insane. Not only is the proceeding of such dual trial not according to the statute, but it would be manifestly confusing to the jury and unfair to the accused. If he be now insane, the fair decision of that issue should not be clouded and prejudiced by the introduction of the facts involving a blood-curdling murder,—facts which alone might well so stir the minds of the jury as to make difficult the exercise of calm judgment upon the question of present insanity. The proposition is wholly different from that involved in a trial for crime wherein the accused, under his plea of not guilty, is allowed to show as supporting such plea that if he did the act charged, he did not have the mental capacity to recognize the wrong of same. In such trial as that last referred to, the two issues are blended and interwoven, the question of guilt of the crime being dependent upon that of mental capacity on the part of the accused at the very time of the act done, and it is clearly right to submit insanity as a defense to the crime in such case.

The State submits Chase v. State, 41 Texas Crim. Rep., 560, and Wilson v. State, 58 Texas Crim. Rep., 596, as authority for the action of the trial court in the instant matter. An examination of those authorities reveals that in the Chase case what was said by this court which might be subject to the construction placed upon it by State's counsel, but was dicta and in no sense controlling. In the Wilson case, the plea filed by the prisoner did not set up present insanity but his insanity at the time of the commission of the offense. That issue was submitted to the jury along with the other issues upon his plea of not guilty. This court merely held this not to present reversible error. We are not inclined to hold that either of said cases is authority for a view contrary to the one announced by us above.

Appellant's confession was introduced before the jury over objection, and they were instructed to consider same only as bearing upon the question of his insanity. The confession admitted fully the guilt of the accused of the crime charged. This question was considered by us and decided adversely to the State in Kellum v. State, 91 Tex. Crim. Rep., 272, No. 6739, decided on March 15th of this year. In that case we reached the conclusion that the confession of appellant if otherwise inadmissible could not be placed before the jury under the guise of being used as a predicate or basis for proof of insanity.

For the errors mentioned the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*