TOGO RAY v. THE STATE.

No. 11657. Delivered May 30, 1928.

The opinion states the case.

*Lester D. King* and *John M. Blanton* of Abilene, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for robbery with firearms, punishment twenty-five years in the penitentiary.

But two errors are assigned, one of which relates to the refusal of a continuance, and in view of our disposition of this appeal, this matter will not be discussed.

Article 34 of our Penal Code specifically states that no act done in a state of insanity shall be punishable. Also that no person who becomes insane after he commits an offense shall be tried therefor while in such condition. Upon this trial appellant offered testimony tending to show that he was insane at the time of the alleged robbery. Same was rejected and complaint of the action of the court preserved by bill of exceptions. We need not set out the testimony at length, but if true same was material to the issue of the insanity of appellant at the time of the robbery. The trial court appends to the bill presenting this complaint his statement in which he says that when this case was called for trial first, appellant filed an affidavit setting up that he was now insane and demanding a jury trial upon that issue, which was accorded to him; and the jury had returned into court a verdict finding appellant at this time sane, and that appellant had had a trial upon the issue of insanity, and for this reason the court excluded the testimony offered relating to appellant's insanity at the time of the alleged commission of the offense.

As we understand it, the issue of insanity at the time of trial is one thing, and that of such insanity at the time of the alleged commission of the offense, when interposed as a defense, is an entirely

separate and distinct matter. In the one case the issue joined and submitted for determination is—is the accused now insane? An affirmative finding upon this issue would not in the least prevent a trial of the accused upon the indictment pending, if at some later date the finding of present insanity be superseded or in effect set aside by proper adjudication that the accused be not then insane. Upon the other issue, viz.: was he insane when the alleged offense was committed, if a jury acquit the accused of the crime charged upon their finding that he was insane when the alleged offense was committed, this would end the matter. Witty v. State, 69 Tex. Crim. Rep. 131; Ramirez v. State, 241 S. W. 1020, and authorities cited.

It seems plain that the investigation had upon the insanity trial of this appellant was not, and, under our statutes, could not have been to decide whether he was insane at the time the alleged offense was committed. We are discussing and trying to apply the principle involved. The date of the alleged offense manifestly might be months or even years prior to the time the case is called for trial. Men go crazy overnight. Some terific mental storm may be brewing at a time when the brain seems clear. Reason may be dethroned without the possibility of fixing any time limit as to when the affection began. A may be violently insane when he kills B, or takes the property of C, but when he is called before the courts to answer a charge for the act, he may have been restored, so, also, vice versa.

The court below was in error. If under his plea of not guilty the accused saw fit to put before the jury testimony pertinently supporting a claim that he was not responsible criminally for such act by reason of insanity at the time said act was done, he should have been allowed to do so, and the law of such issue should have been submitted.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*