Pete CAMPA, Appellant,

v.

The STATE of Texas, Appellee.

No. 42657.

Court of Criminal Appeals of Texas.

April 8, 1970.

Jack B. Sims, San Antonio, for appellant.

Ted Butler, Dist. Atty., Charles Butts, Bill White and Sparta Bitsis, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

Appellant was found guilty by a jury of the offense of burglary and his punishment was assessed by the court at seven years.

Prior to trial appellant's court appointed counsel filed a motion for a preliminary hearing on the issue of insanity (competency to stand trial). The state opposed the motion and the trial court denied it, having advised appellant's counsel that he would proceed under the ruling and doctrine of the Townsend case (Townsend v. State, Tex.Cr.App., 427 S.W.2d 55).

The statutes in effect at the time of appellant's trial, which were construed by this court in the Townsend case in light of the opinion of the Supreme Court in Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (which made clear "that the conviction of an accused person while he is legally incompetent violates due process, * * * and that state procedures must be adequate to protect this right,") were Art. 34, Vernon's Ann.P.C., which provides in part:

"No person who becomes insane after he committed an offense shall be tried for the same while in such condition. * * *"

and Art. 46.02, Vernon's Ann.C.C.P. (1965) as amended by the 60th Legislature Acts 1967, Sec. 33, p. 1748, Section 1 of which provided:

"No issue of insanity shall be tried in advance of trial on the merits, except upon written application on behalf of the accused with the consent of the

State's attorney and the approval of the trial judge."[1]

■ Townsend v. State, supra, is authority for overruling appellant's ground of error No. 1 which complains of the overruling of his motion for a preliminary hearing to determine his competency to stand trial.

A jury was then selected and sworn which, prior to the indictment being read, heard evidence on the issue of appellant's competency (present sanity), the court's charge and arguments of counsel, and returned a verdict finding appellant sane.

The trial then proceeded before the same jury which, having heard the indictment read, the plea of not guilty, the evidence, charge of the court and arguments of counsel, found appellant guilty of burglary as charged in the indictment and the court assessed the punishment.

■ Appellant's ground of error No. 2 complains that the trial court erred in entering an order in Limine restricting appellant's counsel from questioning on voir dire pertaining to the offense alleged in. the indictment (burglary).

All agree that the able and conscientious trial judge, now deceased, in ordering both sides "under the pain of contempt" not to go into the details of the alleged offense, was seeking to protect the rights of appellant as well as the state, and to follow the decision of this court in Townsend v. State, supra, and the Supreme Court's opinion in Pate v. Robinson, supra.

The state submits that the trial court correctly followed the procedure outlined in Townsend v. State, Tex.Cr.App., 427 S.W. 2d 55, 62, quoted in the state's brief, wherein we said:

"In view of the foregoing, we hold that where an accused makes a timely motion

or request for a preliminary hearing on his competency to stand trial, based upon allegations that because of present insanity he is unable to make a rational defense to the main charge, he is entitled to such hearing if it be with the required consent and approval. If such consent and approval are not given, he is not entitled to such preliminary hearing before a jury. However, he is still entitled not to be tried while incompetent to make a rational defense, regardless of the consent of the prosecutor or approval of the trial court. Otherwise, the very purpose of Article 34, (2nd sentence) supra, would be subverted. Therefore, as in the case at bar, where a timely demand or request for a preliminary hearing supported by affidavit is denied for want of consent, the trial judge is nevertheless under the duty, after the selection of the jury on the trial on the merits and preferably prior to the reading of the indictment, to forthwith afford the accused a hearing on his competency to stand trial. Under such procedure the same jury, if the defendant is found presently sane, may well pass on competency and subsequently on guilt or innocence (and even punishment), but the jury would be given the opportunity to pass on competency to stand trial uncluttered by evidence of the offense itself."

The state contends: Townsend requires the competency hearing be "uncluttered by evidence of the offense itself" and submits that the trial judge prevented the prospective jurors from prejudice by limiting the voir dire to questions relating to the competency hearing—but takes no notice of the portion of the opinion in Townsend v. State, above quoted, which says that where the timely request or demand for a preliminary hearing is denied * * * the judge is nevertheless under the duty, "after

1. Art. 46.02 C.C.P. was again amended by the 61st Legislature, Acts 1969, p. 1698, Sec. 1 of which provides: "The issue of present insanity shall be tried in advance of trial on the merits, upon written application on behalf of accused. If upon trial of the issue of insanity in advance of trial on the merits, the accused is found to be presently sane, the trial judge shall dismiss the jury which decided the issue of present insanity and empanel a new jury to hear any subsequent trial on the merits."

*the selection of the jury on the trial on the merits * * * to forthwith afford the accused a hearing on his competency to stand trial. * * *"*

We do not agree that Townsend is authority for excluding at a hearing on the issue of present insanity (competency to stand trial or to prepare a rational defense) all evidence relating to the offense alleged, including that offered by the defense. Even so, it is not authority for denying counsel for the defense the right to full voir dire examination of the jury panel from which a jury is being selected for the trial on the merits, should the defendant be found competent, including the specifics of the offense charged in the indictment. To hold otherwise would tend to deny the intelligent use of peremptory challenges as well as challenges for cause in the selection of the jury.

Ground of error No. 2 is sustained.

The judgment is reversed and the cause remanded.