ACCEPTED
06-15-00074-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
9/24/2015 3:07:45 PM
DEBBIE AUTREY
CLERK

## Nos. 06-15-00074-CR & 06-15-00075-CR

**In the**

**Sixth Court of Appeals**

**at Texarkana, Texas**

_____

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
9/24/2015 3:07:45 PM
DEBBIE AUTREY
Clerk

Glenn Edwin Rundles,

Appellant,

v.

The State of Texas,

Appellee.

_____

On Appeal from the

6th District Court, Lamar County, Texas

Hon. Bill Harris, Presiding

_____

**Appellant's Brief**

Don Biard

State Bar No. 24047755

Counsel for Appellant

**ORAL ARGUMENT NOT REQUESTED**

*Defendant Below*
*Appellant in this Court*

Glenn Edwin Rundles

Counsel for Appellant:

      Don Biard                         (on appeal)
      State Bar No. 24047755
      38 First Northwest
      Paris, Texas 75460
      Tel:  (903)785-1606
      Fax: (903)785-7580
      Email:  dbiard@att.net

      David C. Turner, Jr.             (at trial)
      State Bar No. 20337000
      1116 Lamar Avenue
      Paris, Texas 75460
      Tel:  (903)785-8511
      Fax:  (903)785-8513

*Appellee in this Court*

The State of Texas

Counsel for Appellee:

      Gary Young
      Lamar County District Attorney's Office
      119 N. Main Street
      Paris, Texas 75460
      Tel:  (903)737-2458
      Fax: (903)737-2455

# TABLE OF CONTENTS

Identity of Parties and Counsel…………………..........…………………………….……1

Table of Contents…………………….........……………………….……….2

Index of Authorities…………….........………………………………….3-4

Issues Presented……………………………………………………………5

Summary of the Argument.......................................................................5

Statement of the Case…………………………………………………...6

Procedural History…………………..........………………………….....7

Facts………………………………………………………………..8-9

Argument and Authorities……………….........……………………...10-19

Prayer……………….....……………………………………………….20

Certificate of Service………………......……………………….…...21

Certificate of Compliance With Rule 9.4(i)(3).......................................................22

## INDEX OF AUTHORITIES

### Caselaw

*Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 220 (Tex. 2011).14

*Flying J Inc. v. Meda, Inc.*, 373 S.W.3d 680, 685 (Tex. App.—San Antonio 2012, no pet.)..................................................................................................13

*King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003)..........................13

*Guagando v. State*, 41 Tex. 626 (Tex. 1874)..........................................................10

*LG Ins. Mgmt. Servs., L.P. v. Leick*, 378 S.W.3d 632, 642 (Tex. App.—Dallas 2012, pet. denied)...............................................................................................13

*Montgomery v. State*, 810 S.W.2d 372, 387 (Tex. Crim. App. 1991)....................16

*Penry v. State*, 903 S.W.2d 715 (Tex. Crim. App. 1995)........................................11

*Townsend v. State*, 427 S.W.2d 55, 58 (Tex. Crim. App.).......................................10

*United States v. Herman*, 544 F.2d 791, 797 (5th Cir. 1977)..................................17

*White v. State*, 592 S.W.2d 851, 854 (Tex. Crim. App. 1979)................................11

### Statutes

Tex. Pen. Code §12.42..............................................................................................7

Tex. Pen. Code §29.03..............................................................................................7

Tex. Pen. Code §30.02 .............................................................................................7

## Rules of Procedure and Evidence

Tex. R. App. Pro. 44.2(a).................................................................................10

Tex. Code Crim. Pro. 46B.005........................................................................11

Tex. Code Crim. Pr. 46B.006..........................................................................11

Tex. Code Crim. Pro. 46B.051........................................................................10

Tex. R. Evid. 410............................................................................................16

Fed. R. Evid. 410............................................................................................17

## Constitutional Provisions

Tex. Const. Art I, Sec. 15...............................................................................10

## Historical References

Vernon's Ann. R. Cr. Evid., Rule 1101(c)(3)(B) (1995)......................................11

## SUBJECT MATTER OF ISSUES PRESENTED

**I.  Whether the trial court erred in directing the jury to reach a verdict that Appellant was competent to stand trial because Appellant had a statutory and constitutional right to have the issue decided by the jury?**

**II.  Whether the trial court erred in directing the jury to reach a verdict that Appellant was competent to stand trial because there was a material issue of fact regarding Appellant's competency?**

**III.  Whether the trial court erred in admitting evidence concerning Appellant's plea negotiations because such evidence is inadmissible under the Rules of Evidence?**

## SUMMARY OF THE ARGUMENT

**First, upon motion from the state, the trial court granted a directed verdict instructing the jury to find Appellant competent to stand trial.  Granting this directed verdict deprived Appellant of his right to have a jury determine the issue of his competency.**

**Second, assuming that the trial court was allowed to grant a motion for directed verdict, the trial court erred in doing so because there was more than a mere scintilla of evidence that Appellant was incompetent to stand trial.**

**Third, the trial court erred in admitting statements made during Appellant's plea discussions.  These statements were used against Appellant during his competency trial as evidence that he was competent to stand trial.  This resulted in harm to Appellant.**

## STATEMENT OF THE CASE

*Nature of the Case:*    Open Plea of Guilty to One Charge of Aggravated Robbery and One Charge of Burglary of a Habitation

*Trial Court:*    The Honorable Bill Harris
6th District Court, Lamar County, Texas

*Trial Court Disposition:*    The trial court directed a jury to find Appellant competent to stand trial and the trial court sentenced Appellant to serve life in prison.

### NOTE ON COMBINED BRIEFS

These appeals stem from convictions in two separate cases below, trial court Cause Nos. 25636 and 25367, respectively. These cases have been assigned separate case numbers in this court, Case Nos. 06-15-00074-CR and 06-15-00075-CR, respectively. As the issues presented herein are identical for each case, both cases are being briefed in a single brief for the convenience of the court.

## PROCEDURAL HISTORY

On February 13, 2014, Glenn Edwin Rundles was indicted for the offenses of Aggravated Robbery as a repeat offender and Burglary of a Habitation as a repeat offender.[1] These offenses are first degree felonies.[2] A jury trial was held on April 8, 2015 to determine the issue of Appellant's competency to stand trial.[3] Upon instruction from the trial court, the jury returned a verdict that Appellant was competent to stand trial.[4] Appellant later plead guilty without the benefit of a plea bargain and the trial court sentenced Appellant to serve life in prison.[5] Appellant timely filed notice of appeal.[6]

---

[1] CR, pg. 6 (Cause No. 25636); CR, pg. 9 (Cause No. 25637)
[2] Tex. Pen. Code §29.03, 30.02 as enhanced by the provisions of Tex. Pen. Code §12.42
[3] RR, Vol. 3
[4] RR, Vol. 3, pg. 83
[5] RR, Vol. 7, pg. 143
[6] CR, pg. 137 (Cause No. 25637)

The Appellant, Glenn Edwin Rundles, was found incompetent to stand trial on September 22, 2014.[7] He was ordered committed to the Vernon State Mental Hospital in an effort to restore his competency. On April 8, 2015, a jury trial was held to determine whether Appellant had regained competency to stand trial.[8]

At the outset of the competency trial, the state offered several exhibits into evidence. One of these was a printout of an email from Rundles' trial counsel to the District Attorney discussing the status of their plea negotiations.[9] Rundles' trial counsel objected to the admission of this exhibit on the basis that it was part of plea discussions which are inadmissible under Tex. R. Evid. 410.[10]

During the competency trial, Dr. David Bell testified concerning his evaluation of Rundles. He testified that he had initially reported to the court that Rundles was incompetent to stand trial because he had concerns about Rundles' competency.[11]

Dr. Bell testified at the competency trial that he know believed Rundles to be competent to stand trial. However, he also testified that Rundles had an "imaginary friend", had been in special education classes in high school, had a history of drug use including cocaine and smoking a drug called "whack" –

---

[7] CR, pg. 34 (Cause No. 25636)
[8] RR Vol. 3
[9] RR, Vol. 3, pg. 6; Ex. 2 (Competency Proceedings)
[10] RR, Vol. 3, pg. 6-7
[11] RR, Vol. 3, pg. 46

marijuana dipped in formaldehyde – and had been sent to some type of psychiatric facility or reform school at the age of 17.[12]

The state called Dr. Michele Borynski, the chief psychologist of the Competency Program at Vernon State Mental Hospital where Rundles had been commited.[13] Dr. Borynski testified that, in her opinion, Rundles was competent to stand trial.[14]

Following the close of evidence, the state made a motion for a directed verdict.[15] The trial court granted the state's motion and directed the jury to enter a verdict that Rundles was competent to stand trial.[16]

---

[12] RR, Vol. 3, 42-46
[13] RR, Vol. 3, pg. 58
[14] RR, Vol. 3, pg 82
[15] RR, Vol. 3, pg. 82
[16] RR, Vol. 3, pg. 83

**Issue No. 1 Restated: The trial court erred when it directed the jury to enter a verdict that Appellant was competent to stand trial because Appellant had a right under the Texas Constituion and the Texas Code of Criminal Procedure to have the issue decided by the jury.**

## Standard of Review

Constitutional error is subject to harmless error review. This court must reverse a judgment of conviction or punishment unless it determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment.[17]

## Analysis

It has long been recognized that a criminal defendant has a right under the Texas Constitution to have a jury determine whether or not he is competent stand trial.[18] This right is codified in the Texas Code of Criminal Procedure. "If a court holds a trial to determine whether the defendant is incompetent to stand trial, on request of either party or the motion of the court, *a jury shall make the determination*."[19] Although Appellant was afforded a jury trial on the issue of his competency, he was effectively stripped of this right when the trial court directed the jury to find him competent.

---

[17] Tex. R. App. Pro. 44.2(a)
[18] Tex. Const. Art I, Sec. 15; *Guagando v. State*, 41 Tex. 626 (Tex. 1874); *Townsend v. State*, 427 S.W.2d 55, 58 (Tex. Crim. App. 1968);
[19] Tex. Code Crim. Pro. 46B.051(a) (emphasis added)

A trial court has some discretion in determining whether or not there is evidence to support a finding that a defendant may be incompetent.[20] However, once a trial judge determines that such evidence exists, the court must hold a trial on the issue of competency.[21] If such a trial is held, the defendant is entitled to have a jury decide the issue.[22]

A trial on competency has facets that are alternatively civil and criminal in nature. For instance, the number of peremptory challenges is governed by the rule used in civil cases.[23] However, there are many aspects of the competency trial that are criminal in nature.

The competency trial has an obvious and direct impact on whether a criminal defendant will be tried on the ultimate issue of his guilt or innocence. A criminal defendant is entitled to be represented by counsel during a competency trial – a right which does not exist in standard civil proceedings.[24] The Code of Criminal Procedure provisions regarding change of venue apply to during competency proceedings.[25] Before the Texas Rules of Evidence where unified, the Texas Rules of Criminal Evidence applied during competency trials.[26]

---

[20] Tex. Code Crim. Pro. 46B.005(a)
[21] Tex. Code Crim. Pro. 46B.005(b)
[22] Tex. Code Crim. Pro. 46B.051(a)
[23] *White v. State*, 592 S.W.2d 851, 854 (Tex. Crim. App. 1979)
[24] Tex. Code Crim. Pr. 46B.006
[25] *Penry v. State*, 903 S.W.2d 715 (Tex. Crim. App. 1995)
[26] *See* Vernon's Ann. R. Cr. Evid., Rule 1101(c)(3)(B) (1995)

Given the rights involved and the criminal nature of the proceedings, a trial court cannot be allowed the discretion to not only decide if a trial on competency is necessary, but if so, to decide how the jury must vote.  This effectively deprives the defendant of his right to have the jury decide the issue of competency. This would be no different than affording a defendant the right to a jury trial on the issue of his guilt or innocence and then allowing the trial court to direct the jury to find the defendant guilty.

Appellant was deprived of his right to have a jury determine the issue of his competency when the trial court directed the jury to find him competent.  This deprivation of a constitutional and statutory right resulted in harm to Appellant in that a finding of competency was made and Appellant was forced to proceed to trial and then sentenced to life in prison.

**Issue No. 2 Restated:  The trial court erred in directing the jury to find Appellant competent because there was some evidence to raise an issue of material fact regarding Appellant's competency to stand trial.**[27]

## Standard of Review

When determining whether a directed verdict was properly granted, this court should apply a legal sufficiency or no evidence standard of review.[28] Under this standard the court should decide whether there is any evidence of probative value to raise an issue of material fact on the question presented and review the evidence in the light most favorable to the person suffering the adverse judgment.[29]  In other words, this court must determine whether Appellant produced more than a scintilla of probative evidence to raise a fact issue.[30]

More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions."[31] A directed verdict is not proper when the nonmovant brings forth more than a scintilla of probative evidence, as viewed in the light most favorable to

---

[27] As discussed in Issue No. 1, Appellant contends that a trial court errs in issuing a directed verdict in a competency trial regardless of the merits of doing so.  However, Appellant puts forth this issue in the alternative.

[28] *LG Ins. Mgmt. Servs., L.P. v. Leick*, 378 S.W.3d 632, 642 (Tex. App.—Dallas 2012, pet. denied)

[29] *Flying J Inc. v. Meda, Inc.*, 373 S.W.3d 680, 685 (Tex. App.—San Antonio 2012, no pet.); *quoting Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 220 (Tex. 2011)); *LG Ins.*, 378 S.W.3d at 642.

[30] *LG Ins.* At 642

[31] *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003)

the nonmovant, to raise a genuine issue of material fact; in those cases, the issue must go to the jury.[32]

## Analysis

Assuming, for the sake of the argument, that a trial court has the authority to issue a directed verdict in a competency trial, the trial court erred in directing the jury to find Appellant competent to stand trial.

Appellant introduced more than a scintilla of evidence that he was incompetent to stand trial. First and foremost, a licensed psychologist had previously found Appellant to be incompetent to stand trial. Appellant was then committed to a mental institution.[33] Second, Appellant was in special education classes in high school.[34] Third, Appellant had never held a steady job.[35] Fourth, Appellant, a man in his 30's, had an imaginary friend named Damion that would tell him to do or say things.[36] Fifth, Appellant had a history of using cocaine and "whack" — marijuana soaked in formaldehyde.[37] Finally, Appellant had been sent somewhere when he was 17 years old where "people had on white suits and they gave him medications that made him dizzy."[38]

---

[32] *Exxon Corp.*, 348 S.W.3d at 220-21; *King Ranch*, 118 S.W.3d at 751; *Flying J Inc.*, 373 S.W.3d at 685.
[33] Exs. No. 1 and 8 (Competency Exhibits)
[34] RR, Vol. , pg. 42
[35] RR, Vol. pg.. 42
[36] RR, Vol. , pg. 43
[37] RR, Vol., pg. 43
[38] RR, Vol. 3, pg. 42

A clinical diagnosis and court of order of incompetency combined with a history of special education, hallucinations, mental commitments, and illegal drug use represent more than a "mere scintilla of evidence" that Appellant was incompetent to stand trial. Accordingly, the trial court erred in the directing the jury to find that Appellant was competent. This error contributed directly to Appellant's punishment by forcing him to go to trial.

**Issue No. 3 Restated:  The trial court erred in admitting evidence of Appellant's plea negotiations.**

## Standard of Review

A trial court's ruling concerning the admissibility of evidence is reviewed under an abuse of discretion standard.[39]  Under that standard, the trial court's ruling must have been within the zone of reasonable disagreement.[40]

## Analysis

Texas Rule of Evidence 410 prohibits the admission of:

> Any statement made in the course of plea discussions with an attorney for the prosecuting authority, in a civil case, that do not result in a plea of guilty or that result in a plea of guilty later withdrawn, or in a criminal case, that do not result in a plea of guilty or a plea of *nolo contendere* or that results in a plea, later withdrawn, of guilty or *nolo contendere.*

During the competency trial, the trial court admitted an email from Appellant's trial counsel to the District Attorney concerning the status of their plea negotiations.[41]

The email from Appellant's trial counsel to the District Attorney stated:

---

[39] *Montgomery v. State*, 810 S.W.2d 372, 387 (Tex. Crim. App. 1991)
[40] *Id.*
[41] RR, Vol. 3, pg. 9, Ex. 2 (Competency Proceedings)

_____

Gary,

I just got back from talking with Rundles. I told him your offer was
75 years. He told me that he would sign for 15.
What now?

dct

_____

The statements made in the above email are statements made in the course of

plea discussions. The statements were offered as evidence against the defendant.

Further, these statements did not result in a plea-bargain guilty plea. Accordingly,

the statements are inadmissible under Tex. R. Evid. 410.[42]

The policy behind Rule 410 is the strong protection of plea bargaining, plea

discussion, and plea negotiations in criminal case. These protections are necessary

because, (1) plea bargaining is essential to the functioning of the criminal justice

system; (2) the law fosters compromise and generally excludes offers to

compromise; and (3) Rule 410 does not exclude evidence of convictions which is

admitted under other rules.[43]

To allow statements made during plea discussions to be used as evidence

against a defendant in competency proceedings offends this policy. This forces a

defendant and his attorney to either conduct plea discussions or initiate

competency proceedings. It also chills the relaying of offers and counteroffers

---

[42] *United States v. Herman*, 544 F.2d 791, 797 (5th Cir. 1977)
[43] *See* Fed R. Evid. 410 advisory committee's note

from a defendant's attorney to his client and to the prosecutor – both necessary parts of our justice system and an essential professional obligation of a criminal defense attorney.[44]

The trial court's error in allowing these inadmissible statements into evidence also resulted in harm to Appellant. The state repeatedly emphasized that the email concerning Appellant's plea discussions was a "prima facie case that he's competent."[45]

The trial court erred in admitting the email containing statements made during the course of Appellant's plea discussions. These statements were used as evidence of Appellant's competency during the competency trial. Accordingly, the trial court's error resulted in substantial harm to Appellant.

---

[44] RR, Vol. 3, pgs. 6-7
[45] RR, Vol. 3, pg. 34, *see also* RR, Vol.3, pg. 33 and pgs. 51-52

## CONCLUSION

The trial court erred in directing the jury to find Appellant competent to stand trial. This error violated Appellant's constitutional and statutory rights to have a jury decide the issue of his competency. The trial court also erred in issuing the directed verdict because there was more than a mere scintilla of evidence that he was incompetent to stand trial. The trial court further erred in admitting an email containing statements made during the court of plea discussions. Because of these errors, the judgment below should be reversed and remanded to the trial court for a new trial.

**PRAYER**

Appellant asks this court to reverse the judgment below and remand to the trial court for a new trial.

Respectfully Submitted,

**/s/ Don Biard**

_____

Don Biard
State Bar No. 24047755
38 First Northwest
Paris, Texas 75460
Tel: (903)785-1606
Fax: (903)785-7580
Email: dbiard@att.net
Counsel for Appellant

**CERTIFICATE OF SERVICE**

I certify that on September 24, 2015 a copy of the foregoing Appellant's Brief was served to the following parties via electronic means authorized by the court.

**/s/ Don Biard**

_____

Don Biard

Attorney for Appellee:
Gary Young
Lamar County District Attorney's Office

**CERTIFICATE OF COMPLIANCE PURSUANT TO TEXAS RULE OF APPELLATE PROCEDURE 9.4(i)(3)**

TO THE HONORABLE COURT OF APPEALS:

Pursuant to Rule 9.4(i)(3) of the Texas Rules of Appellate Procedure, Counsel for Appellant files this certification that Appellant's brief is a computer-generated document that contains 3,220 words. Counsel further certifies that he relied on the word count of the computer program used to prepare this document.

Respectfully submitted,


___/s/Don Biard_____
DON BIARD
State Bar No. 24047755
McLaughlin, Hutchison & Biard
38 First Northwest
Paris, Texas 75460
Tel: (903)785-1606
Fax: (903)785-7580
Attorney for Appellant